UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL JONES,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 21-cv-897-JPG
Criminal No 18-cr-40077-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Michael Jones's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Government has responded to the motion (Doc. 13).

**I.    Background**

On March 19, 2019, the petitioner pled guilty to one count of conspiracy to distribute 50 grams or more of actual methamphetamine in violation of §§ 846 and 841(a)(1), (b)(1)(A) (Count 1) and four counts of distribution of an unspecified amount of a mixture and substance containing methamphetamine in violation of § 841(a)(1), (b)(1)(C) (Counts 2-5). In his plea agreement and at the plea colloquy, the parties acknowledged that it was not clear whether Jones was a career offender, and they estimated the applicable sentencing guideline range under both scenarios. Plea Tr. 7-8 (No. 18-cr-40077-JPG, Doc. 52); Plea Agreement § II, ¶ 3 (No. 18-cr-40077-JPG, Doc. 24). Jones confirmed that he had discussed the waiver of his appeal right with his counsel and that he agreed to waive that right. In the plea agreement, the Government also agreed to refrain from filing an information under 21 U.S.C. § 851 to seek an enhanced statutory sentencing range, and to recommend a sentence within the guideline sentencing range found by the Court. Plea Agreement § III, ¶¶ 1-2 (No. 18-cr-40077-JPG, Doc. 24).

The Court sentenced the petitioner on June 3, 2019. At sentencing, the Court adopted the relevant conduct amount found by the presentence investigation report ("PSR")—349.29 grams of methamphetamine ice, *see* PSR ¶ 19, which under U.S.S.G. § 2D1.1 (2018) yielded a base offense level of 32. His offense level was increased by 2 points under U.S.S.G. § 2D1.1(c)(12) because he maintained a premises for the purpose of drug activity, and was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because he accepted responsibility for his crimes. This established a total offense level of 31 which, considering the petitioner's criminal history category of V, would have yielded a sentencing range of 168-210 months in prison.

However, the Court further found that the petitioner was a career offender under U.S.S.G. § 4B1.1 based on two prior Kentucky drug felonies: First Degree Trafficking in a Controlled Substance and Attempt to Manufacture Methamphetamine and First Degree Trafficking in a Controlled Substance. Because the statutory maximum sentence for Count 1 was life in prison, the base offense level applicable under U.S.S.G. § 4B1.1(b)(1) was 37, also reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility, yielding a total offense level of 34. Because the total offense level based on U.S.S.G. § 4B1.1 was greater than the total offense level based on U.S.S.G. § 2D1.1, the Court applied the total offense level based on U.S.S.G. § 4B1.1(b). Considering the petitioner's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 262-327 months in prison. The Court imposed a sentence of 262 months in prison on Count 1 and 240 months in prison, the statutory maximum sentence, on Counts 2-5, all to run concurrently.

Jones appealed his sentence. The Court of Appeals allowed appellate counsel to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and dismissed the appeal on

2

May 11, 2020.  *United States v. Jones*, 803 Fed. App'x 962 (7th Cir. 2020).   Jones did not seek a writ of *certiorari* from the Supreme Court.

## II.      § 2255 Motion

In his timely § 2255 motion, the petitioner raises the following claims:

Ground 1:    Counsel was constitutionally ineffective when she advised Jones to enter into a guilty plea that waived his right to appeal while there was a legitimate question whether his prior Kentucky convictions could support career offender status;

Ground 2:    The Court incorrectly found Jones was a career offender based on his prior Kentucky convictions when, under the categorical approach, those convictions swept more broadly than the predicate offense definition in the sentencing guidelines; and

Ground 3:    Counsel was constitutionally ineffective when she failed to contest Jones's 2-point enhancement for maintaining a premises for drug activities.

Following review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court ordered briefing on all issues.   Those arguments are now before the Court.

## III.      Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States."   28 U.S.C. § 2255(a).   However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'"   *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)).   It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief."   28 U.S.C.

§ 2255(b); *see Shipman v. United States*, 925 F.3d 938, 943 (7th Cir. 2019); *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

The gist of Jones's challenges to his sentence rests on alleged instances of ineffective assistance of counsel. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether, in light of all of the circumstances, counsel's performance was outside the wide range of professionally competent assistance. *Id.* To satisfy the second prong of the *Strickland* test, the petitioner "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 694); *accord Groves*, 755 F.3d at 591.

Where a defendant pled guilty as a result of alleged ineffective assistance of counsel, to

4

satisfy the first prong of the *Strickland* test, the petitioner must show that his counsel's advice leading to the plea was outside the range of professionally competent assistance. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (citing *McMann*, 397 U.S. at 771; *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). To satisfy the second *Strickland* prong, he must show that there is a reasonable probability that, but for his counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial. *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017); *Hill*, 474 U.S. at 59; *United States v. Parker*, 609 F.3d 891, 894 (7th Cir. 2010); *Wyatt*, 574 F.3d at 458. Counsel's deficient performance must have been a decisive factor in the defendant's decision to enter a guilty plea. *Wyatt*, 574 F.3d at 458; *see Julian v. Bartley*, 495 F.3d 487, 498 (7th Cir. 2007). To make such a showing, the petitioner must present objective evidence that he would not have entered a guilty plea; his own self-serving testimony that he would have insisted on going to trial is not enough. *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011); *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (citing *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991)); *see Wyatt*, 574 F.3d at 458 (stating "a defendant's mere allegation that he would have chosen a path other than the conditional plea is insufficient by itself to establish prejudice."). "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee*, 137 S. Ct. at 1967.

The Court turns to the grounds Jones asserts as justifying § 2255 relief:

    1.    <u>Grounds 1 and 2:   Use of Prior Convictions for Career Offender Status</u>

The Court considers Grounds 1 and 2 together because they essentially describe two sides

of the same coin. Ground 1 faults counsel for recommending Jones enter into a plea agreement in which he waived his right to appeal while the law regarding applying the categorical approach to prior convictions to support career offender status was in flux. Ground 2 faults the Court for failing to apply the categorical approach when it found he was a career offender. Jones believes that Kentucky's definition of a controlled substance is broader than the federal definition because it contains Dextrorphan while the federal definition of "controlled substance" does not.

A word about career offender status is warranted. Under U.S.S.G. § 4B1.1(a), a defendant is classified as a career offender if, among other things, the defendant "had at least two prior felony convictions of either a crime of violence or a controlled substance offense." Generally, if a defendant is a career offender, his offense level is determined by reference to his statutory maximum sentence, and his criminal history category is automatically VI. U.S.S.G. § 4B1.1(b). This offense level is used to calculate the guideline sentencing range if it is greater than the adjusted offense level that would otherwise apply. *Id.*

Long before Jones's plea in March 2019, the Court applied the categorical approach to decide if a prior conviction qualified as "a crime of violence or a controlled substance offense" for career offender purposes. *See, e.g., United States v. Montez*, 858 F.3d 1085, 1093 (7th Cir. 2017) (crime of violence); *United States v. Black*, 636 F.3d 893, 898 (7th Cir. 2011) (controlled substance offense). Under the categorical approach, to determine if a prior conviction counts, the Court looks solely to whether the elements of the prior conviction match the definition in the enhancement provision without regard for the facts of the prior conviction. *Shular v. United States*, 140 S. Ct. 779, 783 (2020); *United States v. Ruth*, 966 F.3d 642, 646 (7th Cir. 2020), *cert. denied,* 141 S. Ct. 1239 (2021). Only if the elements of the prior conviction are the same as or

6

narrower than the federal enhancement provision can the prior conviction support the enhancement. *Ruth*, 966 F.3d at 646. The law has evolved—and continues to evolve—to include more and more nuances regarding whether a prior drug conviction was a "controlled substance offense," including how to define the guidelines' reference to "controlled substance offense" and the consequences when a state's definition of a particular drug is broader than the federal definition. *Id.* at 647. Circuits are split to this day on first of these questions with some applying the statutory definition, *see United States v. Jackson*, 995 F.3d 476, 480-81 (6th Cir. 2021); *United States v. Garrison*, No. 3:18-CR-00060-RGJ, 2019 WL 2617820, at *3 (W.D. Ky. June 26, 2019), and some adopting the plain text of the guidelines' definition, *Ruth*, 966 F.3d at 654.

As noted above, Jones's prior convictions were for First Degree Trafficking in a Controlled Substance (cocaine) (Case No. 08CR00141) and Attempt to Manufacture Methamphetamine and First Degree Trafficking in a Controlled Substance (methamphetamine) (Case No. 11CR00102993) in violation of Kentucky law. *See* PSR ¶¶ 57 & 59. He argues that counsel should have realized the possibility that these convictions could not have been used for career offender purposes and therefore not recommended Jones plead guilty and waive his right to appeal if the Court found him to be a career offender. Jones points to *Ruth* and *Jackson* in support of his argument that his prior convictions could not support career offender status.

In *Ruth*, the Court of Appeals for the Seventh Circuit applied the categorical approach to determine whether a state criminal statute swept more broadly than the federal definition of "felony drug offense," the type of prior conviction necessary at the time to support enhanced statutory penalties under § 841(b)(1). *Ruth*, 966 F.3d at 646. The Court of Appeals compared

7

an Illinois statute which made it unlawful to possess with intent to deliver cocaine to see if that conduct necessarily fell into § 841(b)(1)'s definition of a "felony drug offense." *Id.* at 647. The Court of Appeals noted that Illinois defines "cocaine" more broadly than federal law. *Ruth*, 966 F.3d at 647. Consequently, a defendant could be convicted of a cocaine offense under state law, but that conviction would not necessarily qualify as a "felony drug offense" for § 841(b)(1) purposes. *See id.* at 647-48. Therefore, the Court of Appeals concluded, the Illinois cocaine offense could not trigger an enhanced sentencing range under § 841(b)(1)(C). *Id.* at 650.

However, *Ruth* was careful to distinguish application of the categorical approach to recidivism enhancements under § 841(b)(1) from career offender status under U.S.S.G. § 4B1.1, what is at issue in this case. The career offender guideline defines the phrase "controlled substance offense" as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). *Ruth* held that this definition of a "controlled substance offense" is broader than § 841(b)(1)'s definition of a "felony drug offense." *Ruth*, 966 F.3d at 654; *see United States v. Johnson*, 47 F.4th 535, 544 (7th Cir. 2022). Notably, a "controlled substance offense" for career offender purposes includes "state-law offenses related to controlled or counterfeit substances punishable by imprisonment for a term exceeding one year." *United States v. Hudson*, 618 F.3d 700, 703 (7th Cir. 2010); *accord Ruth*, 966 F.3d at 654. In turn, "[a] controlled substance is generally understood to be 'any of a category of behavior-altering or addictive drugs, as heroin or cocaine, whose possession and use are restricted by law,'" but not

8

necessarily federal law. *Ruth*, 966 F.3d at 654 (quoting *Controlled substance*, The Random House Dictionary of the English Language (2d ed. 1987)). Consequently, as in *Ruth*, a prior conviction may support career offender status even if it does not support a recidivism sentencing range enhancement.[1] Thus, while Jones's argument regarding Dextrorphan may have had some success in avoiding a recidivism enhancement, it cannot avoid career offender status.

Turning to the grounds for § 2255 relief alleged by Jones, the Court finds that counsel's advice to plead guilty and waive his right to appeal was not deficient. It is clear that counsel told Jones before his guilty plea that whether he qualified as a career offender was not clear. This was expressly noted in his plea agreement, which Jones swore he reviewed with his counsel before he signed it, and Jones confirmed this understanding in the plea colloquy when the Government alerted to the Court to this uncertainty. Nevertheless, Jones decided to plead guilty knowing that he risked being found to be a career offender.

Counsel's advice to plead guilty despite this uncertainty was for good reason; Jones got substantial benefits from the plea agreement. First, he avoided the possibility of a § 851 information. With 21 U.S.C. § 841(b)(1)'s recidivism enhancement based on one prior conviction, Jones would have been subject to a statutory minimum sentence of 180 months; with two prior convictions he risked a statutory minimum of 300 months. 21 U.S.C. § 841(b)(1)(A) (2018). It was an appropriate strategic decision for counsel to recommend avoiding the risk that

---

[1] *Jackson*, while interesting, does not come from the Seventh Circuit Court of Appeals, which is binding precedent for this Court. Thus, to the extent *Jackson* and *Ruth* differ in their approaches or conclusions, this Court must follow *Ruth*. Nevertheless, even the Court of Appeals for the Sixth Circuit concluded that the Kentucky crime of second degree trafficking in a controlled substance qualified as a "controlled substance offense" as defined in U.S.S.G. § 4B1.2(b) and could therefore support career offender status. *Jackson*, 995 F.3d at 480.

the recidivism enhancement question would have been decided against Jones in order to avoid that question altogether.   As it was, Jones's guilty plea, with his appeal waiver, ensured he was subject to a 120-month statutory minimum sentence on Count 1 and a 240 month maximum sentence on the distribution counts.[2]

Likewise, Jones's agreement to plead guilty and waive his appeal rights secured a 3-point reduction for acceptance of responsibility and a Government recommendation within the guideline range.   Without the 3-point reduction, his career offender offense level would have been 37, where his guideline range would have been 360 months to life.   While a sentence in this range would not have been possible for the distribution counts where the statutory maximum was 20 years, it certainly would have been for Count 1, where the statutory maximum was life.  And finally, a promise from the Government to recommend a sentence within the range benefitted Jones, whose criminal history was substantial and might have supported an upward variance.

There is no indication that these benefits would have been available to Jones had he not agreed to waive his right to appeal in his plea agreement.   And even if Jones had been able to appeal his career offender status, as explained below, the rule of *Ruth* would have doomed his argument.   Counsel's recommendation that Jones take the plea bargain to avert the potential catastrophic consequence of a far higher sentence and guarantee a lower statutory sentencing range was well within the range of competent performance.

Additionally, Jones suffered no prejudice from counsel's performance.   He has not

---

[2] Although it is possible that Jones's prior convictions would not have supported a § 851 enhancement, Jones's guilty plea assured that he would not have to make—and potentially lose—that argument.

10

pointed to any objective evidence that he would have chosen not to enter a guilty plea had counsel given him other advice. It is clear he was aware that he might be a career offender. He swore he had discussed it with his counsel, the Government advised the Court of the uncertainty at the plea hearing, and the Court ensured Jones knew about the risk before pleading guilty. In light of the fact that he knew all this and pled guilty anyway, the Court cannot find that there is a reasonable probability that he would not have pled guilty had counsel advised him otherwise.

Furthermore, his argument had no merit. It is clear for the reasons set forth in *Ruth* that Jones's prior crimes for First Degree Trafficking in a Controlled Substance in violation of Ky. Rev. Stat. Ann. § 218A.1412 (as it existed in 2008 and 2011) were "controlled substance offenses" under U.S.S.G. § 4B1.2(b) and supported career offender status. That statute provided:

> (1) A person is guilty of trafficking in a controlled substance in the first degree when he knowingly and unlawfully traffics in: a controlled substance, that is classified in Schedules I or II which is a narcotic drug; a controlled substance analogue; lysergic acid diethylamide; phencyclidine; a controlled substance that contains any quantity of methamphetamine, including its salts, isomers, and salts of isomers; gamma hydroxybutyric acid (GHB), including its salts, isomers, salts of isomers, and analogues; or flunitrazepam, including its salts, isomers, and salts of isomers.

Ky. Rev. Stat. Ann. § 218A.1412(1). Substances mentioned in the statute are in the category generally called "controlled substances" because they are in "a category of behavior-altering or addictive drugs . . . whose possession and use are restricted by law." *Ruth*, 966 F.3d at 654 (internal quotations omitted). Furthermore, Kentucky's laws against trafficking—essentially distributing or dispensing, in U.S.S.G. § 4B1.2(b) lingo, *Jackson*, 995 F.3d at 480; Ky. Rev. Stat. Ann. § 218A.010(56)—are "state-law offenses related to controlled or counterfeit substances punishable by imprisonment for a term exceeding one year." *Hudson*, 618 F.3d at 703; *accord*

11

*Ruth*, 966 F.3d at 654.  Thus, the Court correctly found that Jones's prior convictions supported career offender status even after *Ruth*.  Thus, the Court correctly applied the categorical approach, and Jones suffered no prejudice from counsel's failing to argue otherwise.[3]

For all of these reasons, Jones is not entitled to § 2255 relief on Grounds 1 or 2 of his motion.

2.  Ground 3: Failure to Challenge Enhancement

Jones also faults his counsel for failing to challenge the 2-point offense level increase for maintaining a premises for the purpose of drug distribution.  The guidelines call for a 2-point increase where "the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance."  U.S.S.G. § 2D1.1(b)(12).  Jones believes the increase was not warranted.

Counsel was not deficient for failing to argue that the enhancement should not apply.  There was plenty of evidence, including (1) repeated purchases by a confidential source in Jones's residence where the confidential source observed quantities of drugs and (2) drugs and tools of the trade (scales, baggies, etc.) seized in a search of Jones's home.  In the face of such evidence, arguing that the enhancement should not apply was an uphill battle and risked losing the 3-point reduction for acceptance of responsibility for making a frivolous argument.  Counsel was not deficient for deciding not to risk the 3-point benefit by making an argument that had little chance of success.

More importantly, the 2-point enhancement applied to the offense level established by

---

[3] The Government's response focuses on how the Sixth Circuit Court of Appeals and District Courts within that circuit have analyzed this question, but this Court must take the Seventh Circuit's approach instead.

12

U.S.S.G. § 2D1.1(c) based on Jones's relevant conduct, but the offense level actually used by the Court was the offense level in U.S.S.G. § 4B1.1(a) based on Jones's career offender status. Any change in the drug-based base offense level would have had no impact on his statutory or guideline sentencing range or his ultimate sentence.

For these reasons, Jones is not entitled to § 2255 relief on Ground 3 of his motion.

### IV.     Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003). The Court finds that Jones has not made such a showing and, accordingly, declines to issue a certificate of appealability.

### V.     Conclusion

For the foregoing reasons, the Court:

- **DENIES** Jones's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1);

- **DECLINES** to issue a certificate of appealability; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   October 3, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
